UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL MUCKENFUSS,

Plaintiff,

v.

CAUSE NO. 3:19-CV-536 DRL-MGG

TYSON FRESH MEATS, INC.,

Defendant.

OPINION & ORDER

Michael Muckenfuss is deaf and has worked at Tyson Fresh Meats, Inc. at its facility in Logansport, Indiana since 2003. On July 3, 2019, Mr. Muckenfuss sued Tyson alleging disability discrimination and retaliation under the Americans with Disabilities Act (ADA). *See* 42 U.S.C. § 12101 *et seq.* Tyson moved for summary judgment, and the court granted summary judgment on all claims except for his request for additional flashing emergency lights from 2017.

On May 25, 2021, Mr. Muckenfuss filed a new lawsuit against Tyson, once again alleging disability discrimination under the ADA and adding a claim based on an Indiana statute governing unlawful labor practices. On June 22, 2021, the court consolidated the two lawsuits. On August 3, 2021, Mr. Muckenfuss filed an amended complaint. Tyson moved to dismiss most claims in the amended complaint. Today the court grants the partial motion to dismiss.

BACKGROUND

These facts emerge from the well-pleaded factual allegations in the amended complaint. The court must accept them as true for purposes of deciding the motion today. Mr. Muckenfuss is deaf and has been working at Tyson's facility in Logansport, Indiana since 2003 [ECF 57 ¶¶ 10-11]. In 2013, he took a maintenance position [*id.* ¶ 11]. He says he has requested numerous accommodations for his disability including (1) access to an in-person interpreter and/or virtual interpreter device for

paramount events in his employment; (2) installation of flashing emergency lights for emergency alarms; (3) installation of flashing emergency lights on all forklifts/mules; (4) basic, surface-level training in ASL (American Sign Language) for his supervisors; (5) installation of a Sorenson Video Phone that would enable him to place and receive calls through a professional ASL interpreter via videophone; and (6) use of clear masks during his safety meetings and other meetings to enable him to read lips [*id.* ¶ 13]. On May 20, 2020, Tyson sent Mr. Muckenfuss a letter, denying all of his accommodation requests and asking that he engage in an interactive process of discussing need and suitability for accommodations [*id.* ¶ 16].

On January 25, 2021, the court granted summary judgment on Mr. Muckenfuss' claims under the ADA from his first-filed complaint, except for his claim based on his request for additional flashing emergency lights from 2017 [ECF 44 at 11]. Thereafter, Mr. Muckenfuss filed another charge with the EEOC on or about February 25, 2021 [ECF 57 ¶ 21]. He says Tyson continues to deny all of his requests for accommodations [*id.* ¶¶ 23-24].

The COVID-19 pandemic began during Mr. Muckenfuss' employment [*id.* ¶ 28]. In response to the pandemic, on April 28, 2020, Logansport Mayor Chris Martin issued an executive order mandating masks [*id.* ¶ 32]. Mr. Muckenfuss suffers from asthma [*id.* ¶ 34]. On May 29, 2020, he met with Gabriella Moore, Tyson's human resources manager, to discuss the mask mandate and whether he might qualify for an exemption [*id.* ¶ 35]. He obtained a medical note, which explained that he could not wear a surgical mask due to an allergic reaction but that he could wear a cloth mask with a filter as a reasonable accommodation [*id.* ¶ 37]. Tyson agreed to this accommodation in June 2020 [*id.*]. Mr. Muckenfuss says there is no longer an executive order that requires masks, but Tyson continues to mandate that all employees wear a mask at the Logansport facility [*id.* ¶¶ 48, 51].

STANDARD

In reviewing the motion to dismiss, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

DISCUSSION

A. *Mr. Muckenfuss' Claim for Violation of Indiana's Prohibition Against Unlawful Labor Practices (Count 2).*

Mr. Muckenfuss claims that Tyson committed an unlawful labor practice under state law by requiring him to wear a mask as a condition of his employment, citing Ind. Code § 22-5-8-2. This article of the Indiana Code concerns unlawful labor practices, though this specific chapter is entitled "Prohibition Against Requiring the Implantation of Devices." Section 2 of this chapter provides:

> [A]n employer may not require an employee or prospective employee to take any of the following actions as a condition of employment, as a condition of employment in a particular position, or as a condition of receiving additional compensation or other benefits:
> (1) Implant, or undergo a procedure to implant, a device in the candidate's or employee's body.
> (2) Inject, or receive an injection of, a device into the candidate's or employee's body.
> (3) Ingest, inhale, or otherwise incorporate a device into the candidate's or employee's body.

3

Ind. Code § 22-5-8-2(a). The statute defines "device" to include "any acoustic, optical, mechanical, electronic, medical, or molecular device." Ind. Code § 22-5-8-1.

Mr. Muckenfuss says his mask qualifies as just such a device and Tyson unlawfully mandates one despite this statutory prohibition. Tyson argues that he has no such claim under this statute. Tyson points out that the company has never required him to implant, inject, ingest, inhale, or otherwise incorporate a device into his body. The court agrees. Tyson's requirement that employees wear a mask or other face covering cannot be plausibly understood as requiring employees to implant or inject a device in the body, or ingest, inhale, or otherwise incorporate a device into the body.

Tyson seems not to oppose the idea that a face mask qualifies as a "device," so the court leaves this issue unaddressed. Even assuming a mask qualifies, Tyson proves right that this statute was aimed to prohibit the introduction of a device "into" the body. Wearing a mask on one's face isn't that.

"In Indiana, the lodestar of statutory interpretation is legislative intent, and the plain language of the statute is the best evidence of that intent." *Est. of Moreland v. Dieter*, 576 F.3d 691, 695 (7th Cir. 2009) (quoting *Cubel v. Cubel*, 876 N.E.2d 1117, 1120 (Ind. 2007)) (ellipsis, quotations, and brackets omitted). Mr. Muckenfuss, citing to an online dictionary, defines "into" to mean not just inside something but "against" something. The word "into" more aptly expresses "motion to a position within a space or thing: To a point within the limits of; to the interior of; so as to enter."[1] This definition precludes his understanding of the statute.

A word is also known by the company it keeps. *See United States v. Williams*, 553 U.S. 285, 294 (2008) ("meanings are narrowed by the commonsense canon of *noscitur a sociis*—which counsels that a word is given more precise content by the neighboring words with which it is associated"). The words "inhale," "ingest," and "incorporate" all precede the word "into" and etymologically

---

[1] *Into*, Oxford English Dict., https://www.oed.com/view/Entry/98530?rskey=LUjJbm&result=2&isAdvanced=false#eid (otherwise published but last visited Jan. 20, 2022).

4

reemphasize the introduction of something within the body, thereby demonstrating that this statute was indeed plainly focused on a device that enters the body. *See Moreland*, 576 F.3d at 695.

Mr. Muckenfuss invites an interpretation that would render this statute absurd. *See St. Vincent Hosp. and Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 704 (Ind. 2002) ("statutes are to be construed so as not to produce an absurdity"). First, this law became effective July 1, 2020, *see* Ind. Code § 22-5-8-2, months after the COVID-19 pandemic began to take hold in the United States and masks became a regular staple of many workplaces. If the General Assembly intended for this statute to ban employers from implementing mask mandates during the pandemic, it would have said so.

Second, his interpretation would suddenly prohibit all sorts of sensible mandates by employers. No longer could a company require a bleeding employee from wearing a bandage or band-aid "against" his wound. No longer could a company require an employee to wear a protective glove, or work boots, or goggles, or many types of personal protective equipment because they were likewise designed to be used "against" the body. His arguments about bacteria or particles from masks or any other number of devices likewise flounders under this same reasoning (aside from bacteria or particles at that point no longer being "devices"). The court won't legislate and add to a statute meaning that plainly isn't there. The court dismisses this claim.[2]

> B. *Mr. Muckenfuss' Claims for Disability Discrimination Related to In-Person ASL Interpreting, Installation of Flashing Emergency Lights on All Forklifts/Mules, and Installation of a Sorenson Video Phone (Count 1).*

Mr. Muckenfuss claims that Tyson discriminated against him on the basis of his disability and denied him reasonable accommodations, including among other things, access to an in-person ASL interpreter, flashing emergency lights on all forklifts/mules, and a Sorenson Video Phone. Mr. Muckenfuss presented these claims to the court in his previous complaint, and the court already ruled

---

[2] The arguments about the wisdom of face masks or mask mandates are beside the point of this suit. This is no less sensible given that his doctor has recommended a certain mask, and Tyson has agreed to that approach.

5

at summary judgment. Tyson argues that these claims are now barred by the law of the case doctrine and remain untimely.

Given that Indiana is a deferral state for disability claims, Mr. Muckenfuss' ADA charges had to be filed with the EEOC within 300 days of the alleged violation. *See Sharp v. United Airlines Inc.*, 236 F.3d 368, 372 (7th Cir. 2001); *see also* 42 U.S.C. § 2000e-5(e)(1); *Doe v. R.R. Donnelly & Sons Co.*, 42 F.3d 439, 445 (7th Cir. 1994). The 300-day window "begins to run when the defendant has taken the action that injures the plaintiff and when the plaintiff knows she has been injured." *Sharp*, 236 F.3d at 372. For a failure to accommodate claim, the clock starts to run when the plaintiff learns his request was denied. *See Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 551-52 (7th Cir. 1996). An untimely claim is barred. *See Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 (7th Cir. 2000).

The court already decided that Mr. Muckenfuss' claims related to his requests for an in-person ASL interpreter, flashing emergency lights on all forklifts/mules, and a Sorenson Video Phone were time barred because these requests had been denied more than 300 days before he filed his charge with the EEOC [ECF 44 at 5-6]. Mr. Muckenfuss says these claims are no longer time barred because Tyson sent him a letter on or around May 20, 2020 denying his accommodation requests again. Mr. Muckenfuss then engaged in the interactive process with Tyson in good faith until he filed his second EEOC charge on February 25, 2021. Only 281 days (fewer than 300) passed between May 20, 2020 and February 25, 2021. Mr. Muckenfuss argues that these claims are thus timely reinstituted under the continuing violation doctrine.

"[A]n employer's refusal to undo a discriminatory decision is not a fresh act of discrimination." *Sharp*, 236 F.3d at 373 (quoting *Lever v. Northwestern Univ.*, 979 F.2d 552, 556 (7th Cir. 1992)). "[C]ourts have analyzed the application of [the continuing violation] doctrine in ADA lawsuits . . . concluding that a refusal to accommodate is a discrete act—not an ongoing omission—and therefore the continuing violation doctrine does not apply." *Teague v. Northwestern Mem. Hosp.*, 492 Fed. Appx. 680,

6

684 (7th Cir. 2012). Other district courts have held that a company's refusal to reconsider its previous denial of an accommodation request doesn't restart the clock. *See Williams v. Lincoln Fin. Grp.*, 2018 U.S. Dist. LEXIS 122349, 12-14 (N.D. Ind. July 23, 2018); *Whalen v. CSC TKR, LLC*, 2011 U.S. Dist. LEXIS 151527, 10-11 (S.D.N.Y. Dec. 28, 2011) ("the Court is not persuaded that [the defendant's] denial of plaintiff's repeated requests for the same accommodation constitutes a continuing violation of the ADA"); *Mendez v. City of Chi.*, 2004 U.S. Dist. LEXIS 25951, 13 (N.D. Ill. Dec. 20, 2004) ("denial of a repeat request for previously denied accommodations does not constitute a new discriminatory act or make the previous denial part of a continuing violation"). The court stands in line.

Mr. Muckenfuss cites *Tinner v. United Ins. Co. of Am.*, 308 F.3d 697 (7th Cir. 2002). This Title VII case held that there is a "third theory of a continuing violation, where discrete acts of discrimination are part of an ongoing pattern and at least one of the discrete acts occurred within the relevant limitations period." *Id.* at 707. This doctrine only applies when it would have been unreasonable to expect the plaintiff to sue before the statute ran on the allegedly discriminatory conduct. *Id.* at 707-08; *see also Miller v. Am. Family Mut. Ins. Co.*, 203 F.3d 997, 1004 (7th Cir. 2000) ("if the plaintiff knew, or with the exercise of reasonable diligence would have known after each act that it was discriminatory and had harmed her, she must sue over that act within the relevant statute of limitations"). That isn't the case here.

The court has already found that Mr. Muckenfuss was on notice of Tyson's previous denials of his accommodation requests. As to the issues that have already been litigated and decided, "that should be the end of the matter." *Ienco v. Angarone*, 429 F.3d 680, 684 (7th Cir. 2005). Mr. Muckenfuss has not demonstrated why the court should revisit or reopen these issues. The court's findings were based on Mr. Muckenfuss' testimony about when each of these requests were denied. He argues that these previous denials weren't in writing, but he doesn't offer any authority that says a denial must be in writing. He also points out that, in the May 2020 letter, the human resources manager says she only

had previous notice of the request for an ASL interpreter but not the other requests. As the court previously stated: "It makes no difference whether Tyson kept records of each denial because Mr. Muckenfuss testified when each event occurred" [ECF 44 at 5]. Aside from that, Tyson's willingness to continue to investigate options for Mr. Muckenfuss by way of the May 2020 letter doesn't turn the previous denials into continuing violations. *See Williams*, 2018 U.S. Dist. LEXIS 122349 at 15. Even were this a basis to revisit the subject, the remedy for Mr. Muckenfuss was to file a timely motion to reconsider or move to amend, not file a new lawsuit based on the same hashed out issues.

Mr. Muckenfuss further argues that Tyson has ignored the part of the court's previous order that said Mr. Muckenfuss hadn't timely exhausted his administrative remedies for his request for an ASL interpreter in May 2019 [ECF 67 at 15]. Though the court initially said that when looking at the May 2019 request alone, the court then proceeded to explain why this accommodation claim was time barred based on Mr. Muckenfuss' previous requests and why the continuing violation doctrine didn't apply [ECF 44 at 5]. Ultimately, the fact that Mr. Muckenfuss once again made these requests and Ms. Moore responded to them on May 20, 2020 doesn't restart the clock for purposes of the statute of limitations. *See Teague*, 492 Fed. Appx. at 684; *Williams*, 2018 U.S. Dist. LEXIS 122349 at 12-14; *Whalen*, 2011 U.S. Dist. LEXIS 151527 at 10-11; *Mendez*, 2004 U.S. Dist. LEXIS 25951 at 13.

Because Mr. Muckenfuss' claims based on his requests for an in-person ASL interpreter, flashing emergency lights on all forklifts/mules, and a Sorenson Video Phone remain time barred—a subject also clearly confined by the law of the case doctrine—the court dismisses these claims.

C. *Mr. Muckenfuss' Claim for Disability Discrimination Related to ASL Training for Supervisors (Count 1).*

Mr. Muckenfuss claims that Tyson discriminated against him on the basis of disability by denying his request for his supervisors to be trained in basic, surface-level ASL. The court previously found that Mr. Muckenfuss hadn't made this request to the company and that Mr. Muckenfuss hadn't

8

presented any evidence that he timely exhausted his administrative remedies on this issue [ECF 44 at 6]. Tyson now argues that Mr. Muckenfuss' allegations related to this request fail to state a claim.

To prove this ADA failure to accommodate claim, Mr. Muckenfuss must establish that (1) he is a qualified individual with a disability; (2) Tyson was aware of his disability; and (3) Tyson failed to accommodate his disability reasonably. *See Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 813 (7th Cir. 2015). A reasonable accommodation may include:

> (A) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and
> (B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

42 U.S.C. § 12111(9).

"[C]ourts have been reticent, as they should be, to require employers to provide accommodations that necessitate the enlistment of another employee to assist an ADA claimant in performing the essential functions of his job." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 867 (7th Cir. 2005) (employee's request for co-worker to check his stamping and teach him how to hold the stamp wasn't a reasonable accommodation under the ADA). The ADA may require the employer to reconfigure the workplace for an individual with a disability, but it doesn't require the employer to reconfigure the individual. *See Williams v. United Ins. Co. of Am.*, 253 F.3d 280, 283 (7th Cir. 2001). "A blind person cannot insist that her employer teach her Braille, though she may be able to insist that her employer provide certain signage in Braille to enable her to navigate the workplace." *Id.*

Tyson argues that, because courts are reticent to require the enlistment of other employees to provide for an accommodation under the ADA, likewise here Mr. Muckenfuss shouldn't be able to require that his supervisors receive training in ASL. Tyson further argues that, if a blind person cannot insist that her employer teach her Braille under the ADA, then it would be too far gone to require an

employer to teach a disabled worker's co-workers a new language as an accommodation. The statute contemplates the "provision of qualified readers or interpreters" as a reasonable accommodation, *see* 42 U.S.C. § 12111(9)(B), but not training in interpretive skills or a new language for co-workers.

In response, Mr. Muckenfuss says his request for his supervisors to receive basic training in ASL is essentially a final attempt to obtain an accommodation because Tyson hasn't accommodated his other requests [ECF 67 at 17]. He says, since Tyson isn't permitting him to have an in-person ASL interpreter or SVP, he wants his supervisors to have basic ASL training [*id.*]. He doesn't rebut Tyson's legal arguments other than to say that since Tyson won't agree to his other requests, he is being forced to make this one [*id.* at 18]. He doesn't cite to any case where a court has required an employer to train its employees in ASL or another language as an ADA accommodation. He doesn't offer any basis for why Tyson should have to enlist its other employees in assisting him to perform his job. *See Hammel*, 407 F.3d at 867. All told, he hasn't responded to Tyson's arguments in any meaningful way. *See United States v. Useni*, 516 F.3d 634, 658 (7th Cir. 2008) (quoting *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003)) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").

Because Mr. Muckenfuss' request for his supervisors to be trained in ASL is unreasonable as a matter of law, the court dismisses this claim in count 1 of the amended complaint.

## CONCLUSION

Accordingly, the court GRANTS Mr. Muckenfuss' motion for leave to file a surreply in opposition to Tyson's motion to dismiss [ECF 71], GRANTS Tyson's motion to dismiss [ECF 63], and DISMISSES the claim in count 2 and the claims in count 1 of the amended complaint for disability discrimination related to in-person ASL interpreting, the installation of flashing emergency lights on all forklifts/mules, the installation of a Sorenson Video Phone, and ASL training for supervisors. Mr. Muckenfuss may proceed on his claims in count 1 of the amended complaint related to the installation

of flashing lights for emergency alarms and the request for use of clear masks, which Tyson's motion left unaddressed. In short, this case remains where it was on January 25, 2021, except with the addition of the request for clear masks.

SO ORDERED.

January 21, 2022                                    *s/ Damon R. Leichty*
                                                                            Judge, United States District Court