UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL MUCKENFUSS,

Plaintiff,

v.

TYSON FRESH MEATS, INC.,

Defendant.

CAUSE NO. 3:19-CV-536 DRL
(consolidated case 1:21-CV-207)

OPINION AND ORDER

Michael Muckenfuss, an employee of Tyson Fresh Meats, Inc., originally sued the company for several violations of the Americans with Disabilities Act (ADA). After an amended complaint and rulings on prior dispositive motions, the case was whittled to one claim—the company's choice not to install additional flashing emergency lights.[1] The company has installed many, but Mr. Muckenfuss seeks damages. Tyson requests summary judgment on this last claim. The court grants it.

Tyson's motion, though titled a summary judgment motion, begins in some manner with a request to reconsider the prior summary judgment ruling. In its first motion (before the amended complaint), Tyson argued that all its denials of accommodation requests for flashing emergency lights occurred outside the 300-day statute of limitations; but the court noted that Mr. Muckenfuss made another request for flashing emergency lights in 2017 that had not been shown to be on that record outside the 300-day window from his 2018 EEOC charge.

That decision was right, but today Tyson builds on an argument that the company perhaps foreshadowed before with a paragraph of law but never forcefully made, or perhaps the court misapprehended—whether this 2017 accommodation request could even revive this ADA claim based

---

[1] Mr. Muckenfuss "concedes that his remaining disability claim premised on his request for clear masks may be dismissed as well as his request for injunctive relief" [ECF 99 at 2].

on earlier requests in 2003, 2006, 2013, or 2014 such as to make his 2018 EEOC charge timely. On this record, the answer to that question is no. There is no genuine triable issue on the point. *See Weaver v. Speedway, LLC*, 28 F.4th 816, 820 (7th Cir. 2022).

Mr. Muckenfuss had 300 days to file his EEOC charge after an ADA violation. *See Sharp v. United Airlines Inc.*, 236 F.3d 368, 372 (7th Cir. 2001); *see also* 42 U.S.C. § 2000e-5(e)(1). The 300-day window "begins to run when the defendant has taken the action that injures the plaintiff and when the plaintiff knows [he] has been injured." *Sharp*, 236 F.3d at 372. For a failure to accommodate, the clock starts to run when he learns his request was denied. *See Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 551-52 (7th Cir. 1996).

An untimely claim is barred. *See Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 (7th Cir. 2000). One cannot revive or extend the clock by merely repeating the request. *See Sharp*, 236 F.3d at 373 ("employer's refusal to undo a discriminatory decision is not a fresh act of discrimination"); *Teague v. Northwestern Mem. Hosp.*, 492 F. Appx. 680, 684 (7th Cir. 2012) ("a refusal to accommodate is a discrete act—not an ongoing omission—[so] the continuing violation doctrine does not apply"). A "company's refusal to reconsider its previous denial of an accommodation request doesn't restart the clock." *Muckenfuss v. Tyson Fresh Meats, Inc.*, 581 F. Supp.3d 1114, 1119-20 (N.D. Ind. 2022) (collecting cases).

Mr. Muckenfuss says Tyson cannot relitigate this point. Yet he never seems to explain why this rule of law is wrong or why his residual failure-to-accommodate claim should survive as timely. He never distinguishes the 2017 request as somehow meaningfully different from his earlier requests for flashing emergency lights, even if he could, as his two depositions elude finding such a difference.

The court won't ignore the law or the undisputed nature of today's facts. Whether as a summary judgment motion, now with developed argument on this non-revival point, *see* Fed. R. Civ. P. 56; *Gross v. Town of Cicero*, 619 F.3d 697, 704 (7th Cir. 2010), or as a reconsideration motion, now addressing the

court's misapprehension of a point, *see* Fed. R. Civ. P. 54(b); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990), the court must grant the motion because this last claim is untimely.[2]

CONCLUSION

Accordingly, the court GRANTS Tyson's summary judgment motion [ECF 89]. This order terminates the case.

SO ORDERED.

February 13, 2023                                          *s/ Damon R. Leichty*
                                                                        Judge, United States District Court

---

[2] "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The law of the case doctrine doesn't "prohibit a court from revisiting an issue when there is a legitimate reason to do so, whether it be a change in circumstances, new evidence, or something the court overlooked earlier." *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 711 (7th Cir. 2016).